IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENREID C. FOSTER, | ) | No. C 12-0088 JSW (PR) |
| | ) | |
| Petitioner, | ) | **ORDER TO SHOW CAUSE;** |
| | ) | **GRANTING LEAVE TO PROCEED IN** |
| vs. | ) | **FORMA PAUPERIS; DENYING** |
| | ) | **APPOINTMENT OF COUNSEL** |
| MATTHEW CATE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | **(Docket Nos. 3 & 5)** |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. This order directs Respondent to show cause why the petition should not be granted, grants Petitioner's application for leave to proceed in forma pauperis, and denies Petitioner's motion for appointment of counsel.

## BACKGROUND

In 2008, Petitioner was convicted in Santa Clara County Superior Court of various sex offenses against children. The trial court sentenced him to a term of 48 years to life in state prison. The California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied a petition for review. Habeas petitions filed by Petitioner in all three levels of the California courts were also denied.

**DISCUSSION**

I      Standard of Review

     This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II      Legal Claims

     As grounds for federal habeas relief, Petitioner claims: (1) that he received ineffective assistance of appellate counsel; (2) that trial counsel was ineffective in investigating the case; (3) that trial counsel was ineffective in failing to move to exclude a pretrial statement by a defense witness; (4) that the prosecutor committed misconduct by making misrepresentations during trial; (5) that the prosecutor committed other forms of misconduct; (6) that the cumulative effect of trial counsel's errors violated his constitutional rights; and (7) that appellate counsel did not present an adequate record on appeal. Liberally construed, these claims are sufficient to warrant a response from Respondent. Respondent may address any overlapping claims jointly, but if he does so he shall be clear as to which specific claims are being addressed together.

**CONCLUSION**

     For the foregoing reasons and for good cause shown,

     1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

     2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

2

not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

  3.  Respondent may, within **ninety (90) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

  4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  5.  The application to proceed in forma pauperis (docket number 5) is GRANTED.

  6.  The motion for appointment of counsel (docket number 3) is DENIED for want of extraordinary circumstances or any apparent need for an evidentiary hearing at this time.

  IT IS SO ORDERED.

DATED: April 18, 2012

_____
JEFFREY S. WHITE
United States District Judge

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


KENREID C. FOSTER,

        Plaintiff,

  v.

MATTHEW CATE et al,

        Defendant.

_____/

Case Number: CV12-00088 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 18, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Kenreid C. Foster G10501
CSP - Los Angeles
C3-104L
P.O. Box 4610
Lancaster, CA 93539

Dated: April 18, 2012

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk